**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 82007195DI |
| | ) | |
| LEON POWELL, | ) | |
| (a.k.a. RASHID ALI) | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 21, 2020
Decided: February 19, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Abby Adams, Deputy Attorney General, Department of Justice, Wilmington, Delaware.

Leon Powell, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

**MAYER,** Commissioner

1

This 19th day of February, 2020, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.      In 1983, Defendant was convicted of Murder in the First Degree, and sentenced to imprisonment for the remainder of his natural life, without the possibility of probation or parole.[1]  The Supreme Court affirmed the conviction and sentence on appeal.  The mandate issued on October 17, 1983.

2.      On October 7, 2014, Defendant filed his first Motion for Postconviction Relief (the "First Motion").  One of the arguments presented was a challenge to his conviction on the basis that there was no felony offense to support a felony murder conviction.  On March 16, 2015, the Superior Court denied Defendant's First Motion (the "PCR Order").[2]  Defendant appealed that decision, and in doing so, raised a modified argument challenging the Murder conviction.  The Supreme Court affirmed the denial of his First Motion.

3.      On January 21, 2020, Defendant filed his second Motion for Postconviction Relief[3] and in support, refers the Court to a "Motion to Dismiss Indictment or Vacate

---

[1]  *See* D.I. #s 14, 24.

[2]  D.I. # 49.

[3]  D.I. # 71.

the Conviction for Murder First Degree 11 Del. C. §636 (1982)" (collectively the "Second Motion").[4] According to the Second Motion, Defendant's conviction should be vacated because (1) he was not charged with Possession of a Deadly Weapon in Commission of a Felony, and therefore could not have had the requisite malice; and (2) he was entitled to a jury instruction for reasonable doubt.

### Defendant's (Second) Motion for Postconviction Relief

4.     For the reasons that follow, Defendant's Second Motion should be summarily dismissed. Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[5] Defendant's Second Motion, having been filed more than thirty-six (36) years after his conviction became final, is untimely.[6]

5.     In addition, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas

---

[4] D.I. # 72.

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] *See* Super. Ct. Crim. R. 61(m)(2) (a judgment of conviction becomes final when the Supreme Court issues a mandate finally determining the case on direct review); and Super. Ct. Crim. R. 61(i)(1) (a motion for postconviction relief may not be filed more than one year after the judgment of conviction becomes final).

corpus proceeding, are thereafter barred. Defendant challenged the Murder charge on two previous occasions through the First Motion and through the appeal of the PCR Order. Defendant cannot re-couch the claims to avoid the former adjudication. Even if the Court were to consider the present claims anew, the claims were waived for having not been presented during the original proceedings, on appeal of his conviction and/or through his First Motion.

6.     As this is Defendant's Second Motion, it is also barred unless the motion satisfies the pleading requirements of Rule 61(d)(2).[7] In order to avoid the bar for successive motions, he must plead with particularity that (i) new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) a new rule of constitutional, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction invalid.

7.     Defendant does not cite any "new evidence" nor a new rule of constitutional dimensions.[8] In deciding Defendant's First Motion, the Court found that:

> Defendant was properly charged with Murder First Degree for intentionally causing the death of Aaron Portlock by stabbing him in the back because § 636(a)(1) provides that

---

[7] Super. Ct. Crim. R. 61(i)(2).

[8] In fact, Defendant admits in his Second Motion that the cases he cites "made clear several years before his trial" that the State was required to prove malice.

4

a person is guilty of murder in the first degree when he intentionally causes the death of another person.[9]

Furthermore, although Defendant challenges the jury instructions, a review of the trial transcript demonstrates that the trial judge repeatedly referenced the State's obligation to provide proof beyond a reasonable doubt, and the Court defined reasonable doubt for the jury.[10]

8. If it plainly appears from the motion and record that the movant is not entitled to relief, the court may enter an order for its summary dismissal.[11] Defendant's Motion is procedurally barred and Defendant has not met the requisite pleading requirements to entitle him to relief.

For all of the foregoing reasons, Defendant's (second) Motion for Postconviction Relief should be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

cc: Prothonotary
Abby Adams, Deputy Attorney General
Leon Powell (SBI 00176898)

---

[9] D.I. # 49 at p. 8.

[10] *See* Transcript of Trial Proceedings, Volume A-3 at pp. 307-A *et. seq.* and p. 327-A.

[11] Super. Ct. Crim. R. 61 (d)(5).